BEFORE THE
UNITED STATES COURT OF INTERNATIONAL TRADE

|  |  |
|---|---|
| HISTEEL CO., LTD. AND KUKJE STEEL CO., LTD., <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES, <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) Court No. 20-00146 |

COMPLAINT

Plaintiffs HiSteel Co., Ltd. ("HiSteel") and Kukje Steel Co., Ltd. ("Kukje") (collectively, "Plaintiffs") file this complaint to contest the final determination by the U.S. Department of Commerce ("Commerce") in the administrative review of the antidumping order on Heavy Walled Rectangular Welded Carbon Steel Pipes and Tubes From the Republic of Korea for the September 1, 2017, to August 31, 2018, review period.

JURISDICTION

1. This action arises out of an antidumping duty administrative review conducted by Commerce pursuant to Section 751 of the Tariff Act of 1930, as amended (the "Act"), 19 U.S.C. § 1675.  Commerce published notice of the final results of the review in the *Federal Register* on July 10, 2020.  *See Heavy Walled Rectangular Welded Carbon Steel Pipes and Tubes From the Republic of Korea: Final Results of Antidumping Duty Administrative Review; 2017–2018,* 85 Fed. Reg. 41538 (July 10, 2020) (hereinafter referred to as the "*Final Results*").

2. This action is commenced pursuant to Sections 516A(a)(2)(A) and (B)(iii) of the Tariff Act of 1930, as amended (the "Act"), 19 U.S.C. §§ 1516a(a)(2)(A) and (B)(iii).

Consequently, this Court has jurisdiction over this matter by reason of 28 U.S.C. § 1581(c), which confers upon the Court exclusive jurisdiction over civil actions commenced under Section 516A of the Act.

## PLAINTIFF'S STANDING TO COMMENCE THIS ACTION

3.   Plaintiffs are producers and exporters of heavy walled rectangular welded carbon steel pipes and tubes ("HWR") from Korea, the subject merchandise at issue in this appeal. Plaintiffs participated as respondents in the administrative review of the antidumping order that is the subject of this appeal.  Accordingly, Plaintiffs are "interested parties" within the meaning of Section 771(9)(A) of the Act, as amended 19 U.S.C. § 1677(9)(A), and have standing to commence this action pursuant to Section 516A(d) of the Act (19 U.S.C. § 1516a(d)) and 28 U.S.C. § 2631(c).

## TIMELINESS OF THIS ACTION

4.   On July 10, 2020, the *Final Results* were published in the Federal Register.  *See Heavy Walled Rectangular Welded Carbon Steel Pipes and Tubes From the Republic of Korea: Final Results of Antidumping Duty Administrative Review; 2017–2018,* 85 Fed. Reg. 41538 (July 10, 2020).  Plaintiffs filed a summons commencing this action on August 7, 2020, and are filing this Complaint within 30 days thereafter.  Consequently, this complaint is timely filed in accordance with the requirements of Section 516A(a)(5) of the Act, 19 U.S.C. § 1516a(a)(2), which permits parties to challenge the final results of administrative reviews of antidumping orders by filing a summons within 30 days after publication of the final results, and a complaint within 30 days thereafter.

STATEMENT OF CLAIMS

5.   In this appeal, Plaintiff challenges Commerce's final determination in the administrative review of the antidumping order on HWR from Korea for the September 1, 2017, to August 31, 2018, review period.

6.   Commerce's determination that a particular market situation ("PMS") existed in Korea in this review and the adjustments to Plaintiffs' costs Commerce made to account for that PMS were arbitrary and capricious, unsupported by substantial evidence on the record, or otherwise not in accordance with law, for the following reasons, among others:

(1) Commerce's decision to adjust the cost of hot-rolled steel coils used in its calculation of Plaintiff's cost of production (for purposes of the sales-below-cost test) based on its finding that a "particular market situation" allegedly existed in Korea was arbitrary and capricious, unsupported by substantial evidence on the record, or otherwise not in accordance with law, where, *inter alia*, the adjustment was inconsistent with the relevant provisions of the statute and with the decisions of this Court, which have held that a PMS adjustment to cost is not permitted under the statute for purposes of the sales-below-cost test.

(2) Commerce's finding that a "particular market situation" allegedly existed in Korea and the adjustment it made for that alleged PMS was arbitrary and capricious, unsupported by substantial evidence on the record, or otherwise not in accordance with law, where, *inter alia*, the factors cited by Commerce to support the conclusion that a PMS existed were inconsistent with the evidence and insufficient under the relevant provisions of the statute and the decisions of this Court; Commerce failed to find that the statutory prerequisite for adjusting

Plaintiffs' costs had been satisfied; and the adjustment applied by Commerce was based on a regression analysis that was incorporated inaccurate data, that was implausible and invalid as a matter of statistics, and that analyzed global market conditions rather than isolating conditions particular to the Korean marketplace.

DEMAND FOR JUDGMENT

WHEREFORE, Plaintiff respectfully requests this Court to:

(1) Declare Commerce's *Final Results* to be arbitrary and capricious, unsupported by substantial evidence, and otherwise not in accordance with law; and

(2) Remand this matter to Commerce for disposition in a manner consistent with the judgment of this Court; and

(3) Provide such other relief as this Court deems appropriate.

          Respectfully submitted,

          /s/Jeffrey M. Winton
          Jeffrey M. Winton
          Michael Chapman
          Amrietha Nellan
          Vi Mai

          WINTON & CHAPMAN, PLLC
          1900 L. St., N.W., Suite 611
          Washington, DC  20036
          Telephone: (202) 774-5503
          Email: jwinton@jmwinton.com

          Attorney for Plaintiffs HiSteel Co., Ltd.
            and Kukje Steel Co., Ltd.

Dated:  August 27, 2020

CERTIFICATE OF SERVICE

I hereby certify that a copy of the Complaint and Statutory Injunction (Form 24) are being served on this 27th day of August, 2020, by certified mail, return-receipt requested, on the following parties:

Attorney-in-Charge
U.S. Department of Justice
National Courts Branch
International Trade Field Office
26 Federal Plaza - Room 346
Civil Division
New York, NY 10278

Kara M. Westercamp
U.S. Department of Justice
Commercial Litigation Branch
Civil Division
P.O. Box 480
Ben Franklin Station
Washington, DC 20044

Jarrod M. Goldfeder, Esq.
Trade Pacific PLLC
660 Pennsylvania Ave, SE
Suite 401
Washington, DC 20003

Chief Counsel
Office of the Chief Counsel
for Trade Enforcement and Compliance
International Trade Administration
U.S. Department of Commerce
14th Street & Pennsylvania Ave., N.W.
Washington, DC 20230

Peter Davidson
General Counsel
U.S. Department of Commerce
14th Street & Pennsylvania Ave., N.W.
Washington, DC 20230

Alan H. Price, Esq.
Wiley Rein LLP
1776 K Street, NW
Washington, DC 20006

Roger B. Schagrin, Esq.
Schagrin Associates
900 7th Street, NW, Suite 500
Washington, DC 20001

    /s/ Jeffrey M. Winton
       Jeffrey M. Winton