UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE GARY S. KATZMANN, JUDGE

|  |  |  |
|---|---|---|
| HISTEEL CO., LTD., AND KUKJE STEEL CO., LTD., | ) | |
| Plaintiffs, | ) | |
| v. | ) | |
| UNITED STATES, | ) | Court No. 20-00146 |
| Defendant, | ) | |
| and | ) | |
| NUCOR TUBULAR PRODUCTS INC. AND ATLAS TUBE AND SEARING INDUSTRIES | ) | |
| Defendant-Intervenors. | ) | |

COMMENTS OF HISTEEL CO., LTD. AND KUKJE STEEL CO., LTD.
IN SUPPORT OF COMMERCE'S DECEMBER 15 REDETERMINATION


WINTON & CHAPMAN PLLC
1900 L Street, N.W., Suite 611
Washington, D.C.  20036
(202) 774-5500

Attorneys for HiSteel Co., Ltd.
 and Kukje Steel Co., Ltd.


July 14, 2022

Table of Contents

Page

ARGUMENT ................................................................................................................. 1

    A.   Commerce's Negative PMS Finding in its Remand  Redetermination
        Complied with This Court's Remand Order ........................................................ 1

CONCLUSION ............................................................................................................... 3

Table of Authorities

Page

Court Decisions

*HiSteel Co., Ltd. et al v. United States,*
Slip Op. 21-126 (CIT September 23, 2021) ................................................................. 2-3

UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE GARY S. KATZMANN, JUDGE

| | |
|---|---|
| HISTEEL CO., LTD. AND<br>KUKJE STEEL CO., LTD.,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES,<br><br>Defendant,<br><br>and<br><br>NUCOR TUBULAR PRODUCTS INC. AND<br>ATLAS TUBE AND SEARING INDUSTRIES<br><br>Defendant-Intervenors. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)  Court No. 20-00146<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

COMMENTS OF HISTEEL CO., LTD. AND KUKJE STEEL CO., LTD.
IN SUPPORT OF COMMERCE'S DECEMBER 15 REDETERMINATION

These comments are submitted on behalf of HiSteel Co., Ltd. ("HiSteel") and Kukje

Steel Co., Ltd. ("Kukje") (collectively, "Plaintiffs") in support of the redetermination on

remand submitted to the Court by the Department of Commerce on December 15, 2021.[1]

ARGUMENT

A. *Commerce's Negative PMS Finding in its Remand*
*Redetermination Complied with This Court's Remand Order*

The Court's September 23, 2021, decision held: (1) "Commerce cannot apply a PMS

adjustment prior to conducting a sales-below-cost test when calculating home market

---

[1] *See* Commerce's December 15, 2021, Final Results of Redetermination Pursuant to Court
Remand, ECF No. 68 (hereinafter "Redetermination").

value,"[2] (2) Commerce "did not provide substantial evidence {in its initial determination} that a PMS distorted the market for HRC during the {period of review},"[3] and (3) Commerce failed in its initial determination "to provide substantial evidence to support its methodology for calculating a PMS adjustment."[4]

In its Redetermination, Commerce, "under respectful protest," reversed its determination that a PMS distorted the COP of HWR during the POR.[5]  In doing so, Commerce did not attempt to refute the Court's decisions concerning (1) the lack of evidence for the existence of a PMS, (2) the inapplicability of a PMS adjustment in the sales-below-cost test, or (3) the lack of substantial evidence to support the PMS adjustment methodology originally selected by the Commerce.  Moreover, Commerce noted that none of the comments on the redetermination decision offered by Defendant-Intervenor Nucor Tubular Products Inc. provided analysis or identified record evidence "that would allow Commerce to overcome the Court's objections."[6]

As explained at length in our previous submissions to the Court, we fully agree that Commerce is not permitted to apply a PMS adjustment prior to conducting a sales-below-cost test when calculating home market value, that Commerce's initial finding that a PMS distorted the market for HRC during the POR was not supported by substantial evidence, and that the methodology used by Commerce for calculating a PMS adjustment in its initial

---

[2] *See HiSteel Co., Ltd. et al v. United States,* Slip Op. 21-126, at 30 (CIT September 23, 2021) (hereinafter "Remand Order").

[3] *Id.*

[4] *Id.*

[5] Redetermination at 4.

[6] *Id.* at 4.

decision was not supported by substantial evidence.  Commerce's redetermination on remand comports with the law and the evidence, and therefore should be affirmed by the Court.

CONCLUSION

For the foregoing reasons, we request that the Court affirm the Commerce's December 15, 2021, Redetermination

Respectfully submitted,

/s/Jeffrey M. Winton

Jeffrey M. Winton
Michael J. Chapman
Amrietha Nellan
Vi N. Mai

WINTON & CHAPMAN PLLC
1900 L Street, N.W., Suite 611
Washington, D.C.  20036
(202) 774-5500

Attorneys for HiSteel Co., Ltd.
  and Kukje Steel Co., Ltd.

July 14, 2022