# UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE:  THE HONORABLE GARY S. KATZMANN, JUDGE

|  |  |
|---|---|
| HISTEEL CO., LTD, and KUKJE STEEL CO., LTD., <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES, <br><br> Defendant, <br><br> and <br><br> NUCOR TUBULAR PRODUCTS INC., and ATLAS TUBE, and SEARING INDUSTRIES, <br><br> Defendant-Intervenors. | Court No. 20-00146 |

## DEFENDANT'S RESPONSE TO COMMENTS ON REMAND RESULTS

Defendant, the United States, respectfully submits this response to the comments filed by plaintiffs, HiSteel Co., Ltd. and Kukje Steel Co., Ltd., ECF No. 80, and defendant-intervenors, Nucor Tubular Products Inc. and Atlas Tube and Searing Industries, ECF No. 79, concerning the United States Department of Commerce's (Commerce) final results of redetermination filed in accordance with this Court's decision and remand order in *HiSteel Co. v. United States*, 547 F. Supp. 3d 1233 (Ct. Int'l Trade 2021).  *See* Final Results of Redetermination Pursuant to Court Remand, Dec. 15, 2021 (remand results), ECF No. 68.  No party challenges Commerce's remand results.  For the reasons explained below, we respectfully request that the Court sustain Commerce's remand results and enter judgment for the United States.

In the final results in the 2017-2018 administrative review of the antidumping duty order covering heavy walled rectangular welded carbon steel pipes and tubes (HWR) from the Republic of Korea, Commerce determined that a particular market situation (PMS) distorted the cost of production of HWR during the period of review, and made a PMS adjustment to the cost of production for the hot-rolled coil input. *See Heavy Walled Rectangular Welded Carbon Steel Pipes and Tubes from the Republic of Korea*, 85 Fed. Reg. 41,538 (July 10, 2020) (final results), and accompanying Issues and Decision Memorandum (IDM).

On September 23, 2021, the Court issued its remand order. In particular, the Court remanded Commerce's determination to apply a PMS adjustment prior to conducting a sales-below-cost test when calculating home market value. *HiSteel*, 547 F. Supp. 3d at 1253. The Court also held that "even if Commerce could have applied a PMS adjustment in this case, it did not provide substantial evidence that a PMS distorted the market for {hot-rolled coil} during the {period of review}." *Id.* The Court also "conclude{d} that Commerce fail{ed} to provide substantial evidence to support its methodology for calculating a PMS adjustment." *Id.*

On remand, under respectful protest, Commerce complied with the Court's remand order and reversed its determination that a PMS distorted the cost of production of HWR during the period of review. Remand Results at 1, 3-4. In the remand results, Commerce addressed Nucor Tubular's argument that the Court's "decision is erroneous and that Commerce should continue to apply a PMS adjustment," and explained that "Nucor Tubular fails to offer analysis or to point to record evidence that would allow Commerce to overcome the Court's objections." *Id.* at 5. Thus, "under respectful protest, {Commerce} continue{d} to calculate HiSteel's and Kukje {Steel Co. Ltd.}'s margins without regard to a PMS adjustment," resulting in weighted-average dumping margins of 9.90 percent and 1.91 percent, respectively. *Id.* at 6.

For these reasons, we respectfully request that this Court sustain Commerce's remand redetermination.

Dated: July 29, 2022                                    Respectfully submitted,

                                                  BRIAN M. BOYNTON
                                                  Principal Deputy Assistant Attorney General

                                                  PATRICIA M. McCARTHY
                                                  Director

                                                  <u>s/Claudia Burke</u>
                                                  CLAUDIA BURKE
                                                  Assistant Director

| OF COUNSEL: | <u>s/Kara M. Westercamp</u> |
|---|---|
| VANIA WANG | KARA M. WESTERCAMP |
| Attorney | Trial Attorney |
| Department of Commerce | U.S. Department of Justice |
| Office of the Chief Counsel | Civil Division |
|   for Trade Enforcement & Compliance | Commercial Litigation Branch |
| | P.O. Box 480 |
| | Ben Franklin Station |
| | Washington, D.C.  20044 |
| | Tel: (202) 305-7571 |
| July 29, 2022 | Attorneys for Defendant |

# UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: THE HONORABLE GARY S. KATZMANN, JUDGE

| | |
|---|---|
| HISTEEL CO., LTD, and KUKJE STEEL CO., LTD., <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES, <br><br> Defendant, <br><br> and <br><br> NUCOR TUBULAR PRODUCTS INC., and ATLAS TUBE, and SEARING INDUSTRIES, <br><br> Defendant-Intervenors. | Court No. 20-00146 |

## **ORDER**

Upon consideration of plaintiff's and defendant-intervenor's comments regarding the Department of Commerce's final results of redetermination pursuant to remand, defendant's response thereto, and all other pertinent papers, it is hereby

ORDERED that the remand results are sustained in their entirety.

_____
Judge

Dated: _____
New York, New York

## CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing brief complies with the word-count limitation, in that it contains 454 words according to the word-count function of the word-processing software used to prepare the memorandum, including text, footnotes, and headings.


/s/